**John T. CREED, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 2453.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 19, 1959.

Decided Dec. 15, 1959.

Herbert D. Horowitz, Washington, D. C., with whom Joseph H. Schneider, Albert Ginsberg and Jacob Stein, Washington, D. C., were on the brief, for appellant.

William W. Greenhalgh, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11–776(b).

ROVER, Chief Judge.

Appellant was charged with assault of an indecent character on a young lady in a theatre, and was convicted by a jury. This is an appeal from the sentence imposed. The only question involved is whether the court erred in refusing a continuance of the trial that was seasonably requested by counsel for appellant.

The statement of proceedings and evidence discloses that appellant was arrested at 12:15 a. m. on May 27, 1959, and appeared in court that same morning for arraignment. His brother retained counsel for him at approximately 10:20 that morning; the case was called for trial ten minutes later. Up to that time counsel had no opportunity to consult with his client, investigate the charge or otherwise prepare for trial. He informed the court of this situation and requested a continuance until June 1. Upon being informed that all of the Government's witnesses were scheduled to leave Washington for their homes at 1:30

that afternoon, the court denied the continuance. At this time the court said to counsel, "Go into the hallway and discuss the case with the defendant." Counsel renewed his request for a continuance which was again denied. Counsel for the Government then made available to appellant's counsel the report of the arresting officer and after a brief conference with his client, but before he had an opportunity to read the report, he was advised that the court was waiting for him. When counsel returned to the courtroom, he again moved for a continuance because he desired to interview character witnesses. The motion was again denied on the ground that Government's counsel had agreed to stipulate to the character evidence. Counsel renewed his motion for continuance several more times but his motion was denied each time. At this time the court said to him, "Stop wasting time, and let's get on with the trial." Counsel then stated that although he was totally unprepared for trial, his client could not be deprived of his right to trial by jury. "Thereupon, the Judge of the U. S. Court declared a short recess, and personally informed the presiding Judge of the Jury Branch of the Criminal Division of this Court to hear this case immediately, whereupon, the case was immediately certified to the Jury Branch for trial." After the case was certified to the Judge presiding in the Jury Branch, counsel renewed his motion for a continuance, setting forth as his reasons that he was unprepared, had insufficient opportunity to consult with his client, investigate the charges, prepare for his defense, and secure character witnesses. This motion was denied.

The case then proceeded to trial before a jury. The defendant was convicted, fined $250 or in default of payment of the fine, 90 days in jail. Thereafter counsel filed a motion for a new trial on the same grounds he had advanced for his request for a continuance; this motion was denied.

We think the record clearly demonstrates that appellant was deprived of his

right to the effective assistance of counsel. The charge was a serious one; no lawyer could be expected to prepare a defense on such a charge within the very brief time allotted appellant's counsel in this case. He was not even given sufficient opportunity for adequate consultation with his client. He had no chance to investigate the possibility of eyewitnesses, nor the opportunity to secure character witnesses. It was not a sufficient excuse for denying the continuance that the Government's witnesses desired to leave town that afternoon, nor is it any answer to say that the Government's willingness to stipulate as to character testimony justified the court in requiring counsel to proceed with the trial without the benefit of the personal testimony of character witnesses.

Reversed with instructions to grant a new trial.