William V. FISHER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18102.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 20, 1963.

Decided April 23, 1964.

Mr. Arnold A. Stahl, Washington, D. C. (appointed by the District Court),

with whom Mr. William R. Durland, Washington, D. C., was on the brief, for appellant.

Mr. B. Michael Rauh, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, BURGER and McGOWAN, Circuit Judges.

PER CURIAM:

Appellant was found guilty of arson after a jury trial. His principal defense was that by reason of mental disease he was not criminally responsible. All contentions on appeal are directly or indirectly related to his claim of mental disease.

Appellant contemplated calling certain experts, other than psychiatrists, to lay a foundation for a claim that he suffered from toxic psychosis brought on by long exposure to insecticides and other chemical preparations. Appellant was committed to St. Elizabeths Hospital for 90 days for mental examinations.

Trial was set for May 28, 1963, and at appellant's request it was postponed because two expert witnesses on the claim of toxic psychosis were not available. Trial was reset for June 18, at which time appellant's experts were available, but the case was held over two days while the prosecutor completed trial of another case. On June 20, appellant moved to dismiss for want of prosecution or, alternatively, for a continuance because his two experts were no longer available. Denying these motions, the court set the case for trial on that day, June 20. The trial judge stated he would grant a continuance to accommodate appellant's experts, but that the first available date would be in September. Appellant's counsel expressed a desire to have such continuance but appellant personally insisted that he wanted an immediate trial.

Against this background appellant now contends that (1) compelling trial without the two expert witnesses denied him

a fair trial; (2) instructions on his claim of mental disease were erroneous; (3) he was denied a speedy trial; (4) the evidence required a directed verdict; (5) rulings on evidence were erroneous.

■ The record plainly demonstrates that appellant, himself, affirmatively urged the District Court to proceed with the trial on June 20, although the court was prepared to reset the case for a date when appellant's experts would have returned from Europe. The court interrogated the appellant personally after his counsel had made appellant's views known to the court. In light of appellant's election in open court, the trial court did not err in proceeding with the trial in these circumstances.

■ Various errors in the charge on criminal responsibility are urged upon us for the first time on appeal. We have examined the challenged instruction, and having in mind that no objection was made at trial we find no basis for reversal.

We have considered appellant's other contentions and find no grounds for disturbing the judgment of conviction.

Affirmed.