**DISTRICT OF COLUMBIA, Appellant,**

**v.**

**Martha ROBINSON, Appellee.**

**No. 3647.**

District of Columbia Court of Appeals.

Argued Feb. 15, 1965.

Decided March 11, 1965.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel,

Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellant.

William J. Garber, Washington, D. C., with whom Meredith C. Coffman, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

The District of Columbia appeals from an order of the trial court refusing a short continuance in a vagrancy case and ordering a dismissal thereof "for want of prosecution with prejudice."

When the case was first called for trial early in August, 1964, defendant was granted a continuance of eighteen days. Then, defendant asked and received another continuance of three days. At the end of that time defendant was still not ready to proceed and was granted a third continuance of a little over three weeks, to September 16. On that date the prosecutor informed the trial judge that the police officer (complaining witness) in his haste to come to court on his day off, had forgotten his notes, without which he could not testify. Pointing out that defendant had earlier been granted three continuances, the prosecutor asked the court to pass the case until the afternoon session or to allow a continuance of a few days. Although defense counsel made no objection the judge refused to grant either request and sua sponte ordered the case dismissed "for want of prosecution with prejudice."

 The order must be reversed. The grant or refusal of a continuance, as has been repeatedly stated, is ordinarily a matter within the discretion of a trial court, not to be disturbed on appeal except when such discretion has been abused. Such appears to have happened here. The defendant had already been granted three continuances, there was no suggestion that

she would be prejudiced by having the case heard later that day or a few days hence, and despite lack of objection the trial judge on his own motion ordered the dismissal. The order was improper, in that it rejected a request which was patently reasonable under the circumstances. See Creed v. United States, D.C.Mun.App., 156 A.2d 676.

It is suggested that there was a possibility of a defense of double jeopardy in connection with other informations filed against defendant. But such defense was not then before the trial court and had no proper relation to the dismissal for want of prosecution.

Reversed, with instructions to set aside order of dismissal.