**Ernest E. DYER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20052.**

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 13, 1966.

Decided March 23, 1967.

Mr. James R. Scullen, Washington, D. C. (appointed by this court), for appellant.

Mr. Edward T. Miller, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Mr. Dean W. Determan, Asst. U. S. Atty. at the time the record was filed, also entered an appearance for appellee.

Before FAHY and DANAHER, Circuit Judges, and BASTIAN, Senior Circuit Judge.

PER CURIAM:

This appellant on January 12, 1966 was convicted of impersonating an officer in violation of D.C.Code § 22–1304 (1961). He has contended on appeal that he was denied a fair trial due to the ineffective assistance of counsel.

In view of the nature of the challenge, we observe at once that we enter upon our consideration of the problem arising on this record with no lack of confidence in the appellant's court-appointed trial counsel. His general competence is well known to the court. That an awkward situation arose is clear; that counsel went forward under trying circumstances and with an uncooperative client is apparent.

But the majority is satisfied that in net result the defense fell substantially short of what we should consider adequate. Cumulatively, various facets became so meaningful that we are of the opinion a new trial fairly is required, particularly since the case was so close. The trial

judge deemed himself obliged to decide—quite properly—that four counts should be dismissed. Indeed it is obvious that he seriously considered dismissing the remainder of the case.

Without extensive detail, we may briefly illustrate the basis for the misgivings arising from our review of the trial transcript.

The evidence disclosed that about 12:30 A.M. on June 12, 1965, the appellant came upon two young men seemingly engaged in an altercation. The appellant took it upon himself to intervene in what those witnesses described as mere horseplay. Appellant's trial counsel told the jury in his opening statement that by way of defense the appellant would be shown to have been accredited in the District of Columbia as a special police officer. The Government proved the contrary. Counsel told the jury that the badge "that you will see will be that of a special police officer." The Government proved that whatever badge the appellant was said to have exhibited is "not the type" officially issued to special police officers who have been accredited. Counsel told the jury that if there be need to rebut the Government's evidence, the accused would take the stand. But he was not called as a witness. No subpoena had been issued for an allegedly material witness with whom counsel had not conferred. The attorney had been appointed three weeks earlier. No continuance was sought; the witness was not produced. Counsel explained that he had never talked to his client, the appellant, until the morning of the day the case went to trial. As to repeated hearsay statements, counsel informed the court "I have been allowing narrative testimony so that I can get a picture."

We can do no more than speculate concerning the effect upon the jury where such lapses have raised so much doubt in our own minds as to possible prejudice. Since we feel a remand is insufficient because of the state of the record before us, we conclude that the conviction should be

Reversed.

BASTIAN, Senior Circuit Judge (dissenting):

I think the judgment in this case should be affirmed. In my opinion the defendant (appellant) had at the trial adequate counsel, who protected defendant's interest. The following facts appear from the record:

Experienced and able counsel was originally retained by the defendant. Thereafter, counsel asked for permission to withdraw as defendant had not satisfied his agreement on counsel fee and had "failed and refused to appear at the office of counsel for the purpose of preparing his defense." Counsel was permitted to withdraw and the court appointed new counsel from one of the experienced and highly regarded law firms of the District of Columbia.

According to statements made in court, counsel arranged for an appointment with the defendant, who failed to keep that appointment. Another letter was sent to the defendant but counsel was not able to see him until the morning of the trial. Counsel made known to the court that he had been unable to contact the defendant earlier, for the reason stated, and the case was continued until two o'clock that afternoon. During the interval, the defendant conferred with his lawyer. Counsel then advised the court, and the defendant apparently agreed, that he was ready to proceed with the trial. Obviously counsel had acted to prepare the case prior to the trial date, as is shown by his citation at the trial of relevant statutory language and case law to support various objections and motions, and by certain instructions requested, and granted by the court, having to do with the offenses of which the defendant was charged.[1]

---

1. The charge that went to the jury on two counts was that the defendant falsely represented "that he was a police officer, and in so doing attempted to perform the duty and exercise the authority pertaining to such office." D.C. CODE Sec. 22–1304. Defendant was also indicted on charges of falsely representing himself to

The only eyewitnesses to the events charged in the indictment were the two complaining witnesses and a neighbor, all of whom testified, and the defendant himself, who did not testify. The only other witnesses at the trial were representatives of the District of Columbia government, who testified that the records of the District of Columbia government did not show that the defendant was or ever had been a member of the Metropolitan Police Department, nor did the records show that the defendant had a commission as a special police officer in the District of Columbia.

Contrary to my colleagues, I think that the defense was adequately presented. Counsel succeeded on his motion to have judgment of acquittal entered on Counts 2, 3, and 5.[2] After the defendant was found guilty on Counts 1 and 4, counsel sought his release on personal bond, which was denied by the District Court. That court granted leave to proceed on appeal without prepayment of costs, and we subsequently granted release on personal bond.

Not one word was presented to the trial court to indicate, nor did the trial court *sua sponte* consider, that the defendant was inadequately represented. When the case came before us certain charges were made against trial counsel, as is not unusual these days.[3] One such charge had to do with failure of appointed counsel to get in touch with the defendant. The fact is that it was the defendant himself who had failed to respond to the efforts of both his appointed counsel and his original retained counsel. Complaint also was made of the failure to summon as a defense witness an alleged former employer of defendant who, it is claimed, would have testified that he had employed the defendant as a special officer.[4] The intention to call this witness was discussed, during the course of the trial, by the judge and counsel for both the prosecution and the defense, and it was found that such testimony by the prospective witness would have been immaterial since the defendant, when outside the premises to which he was allegedly designated as a special officer, would have had no more authority than any other citizen.[5]

be a member of the Metropolitan Police Department, D.C. CODE Sec. 22–1306; assault with a dangerous weapon, D.C. CODE Sec. 22–502; and carrying a dangerous weapon, D.C. CODE Sec. 22–3204; but these charges were dismissed by the court, the last two on motion of defendant's counsel.

2. The trial judge had already indicated that he would not allow Count 6 to go to the jury.

3. In case after case before us, charges of inadequate counsel are made, most of them without the slightest semblance of virtue. Members of the bar take these cases knowing that all too frequently their professional standing may be impaired by unfounded charges of inadequacy.

4. See D.C. CODE Sec. 4–115 and *Manual of Rules and Regulations of the Metropolitan Police Department*, Ch. 32–1, 6, 7, 9, 13. These Rules and Regulations governing special officers must be reproduced on the commission issued to all persons so appointed. *Id.* at 32–13. Section 7 provides that no person appointed as a special officer may display a badge

at any place other than the property or area defined in his commission. Section 9 provides that the exercise of authority or the carrying or use of emblems of authority of a special officer outside the property or area for which one is so appointed is cause for immediate revocation of the commission.

5. On an appeal alleging ineffective assistance of counsel, this court is not, of course, postured to make a *de novo* judgment of the possible relevancy of expected testimony. This is true here not only regarding its relevance to whether, as a special officer, defendant would have had authority beyond that of any other citizen to act as he did in regard to the complaining witnesses, but also regarding the possible relevancy of such testimony in demonstrating a lack of the required criminal intent or "combination of an evil state of mind with the doing of an evil act" which this court has held to be required for conviction under this statute. Levine v. United States, 104 U.S.App. D.C. 281, 261 F.2d 747 (1958).

Our function, rather, is to observe that the trial judge and both counsel had considered the relevancy of the expected tes-

This is a direct appeal on the record. All in all, that record, which I have reviewed with care, indicates to me that this case should not be reversed. Certainly the charges made after the case left the District Court are not part of the record before us. To my knowledge, never before have we summarily reversed a case for ineffective assistance of counsel without first providing for a full hearing on that contention, and granting the counsel whose professional standing is attacked the opportunity to give his side of the matter.

So I dissent.

timony and had concluded that there was no reason to produce this witness, and then to judge whether that conclusion was so erroneous and prejudicial as to make

its acceptance by defendant's trial counsel a basis of reversal for ineffective assistance.