Ernest M. GREELY, Appellant,

v.

UNITED STATES, Appellee.

No. 4279.

District of Columbia Court of Appeals.

Argued April 17, 1967.

Decided June 26, 1967.

Erwin A. Alpern, Washington, D.C., appointed by this court, for appellant.

Arthur L. Burnett, Asst. U.S. Atty., with whom David G. Bress, U.S. Atty., Frank Q. Nebeker and Lawrence Lippe, Asst. U.S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

HOOD, Chief Judge:

This is an appeal from a conviction of petit larceny, the taking of several sweaters from a local department store. Appellant's counsel here, not his trial counsel, vigorously and ably asserts claims of error which he says constitute grounds for reversal.

Most of these claims of error, however, were not raised at trial.

The first claim of error charges that trial counsel was not afforded sufficient time to prepare a defense. The case was first in court on September 23, 1966, and was then continued until October 21 in order that appellant, who was free on bond, could obtain counsel. On October 21 appellant appeared in court and stated he was without counsel because he had been ill and had not been working. Thereupon the court appointed counsel and the case was tried, according to the record, "later in the morning." The exact time between appointment of counsel and trial is not shown, but the record indicates that another case was tried in the interval.

When the case did go to trial, defense counsel raised no claim of inadequate time for preparation. He represented his client with vigor and thoroughness. It was not until the trial had been completed, and the jury was ready to return its verdict, that counsel first complained of lack of time to prepare the defense. This objection came too late.

It is argued, however, that during the course of the trial it developed that a witness for appellant had not been subpoenaed and was not present. This witness was appellant's aunt who was employed in the store from which the sweaters were taken. Appellant, who denied ever having the sweaters in his possession, explained his presence in the store by stating that he went there to see his aunt, with whom he had talked the day before, about getting some money from her. It is contended that the aunt, if a witness, could have corroborated appellant's story as to the occasion for his being in the store. The aunt did not see appellant when he was in the store and could not have testified concerning the sweater incident.

Appellant offers no explanation why he did not ask his aunt to come to court as his witness. For a month he had known of the trial date, yet apparently he had never talked with his aunt after his arrest. He was not unfamiliar with court proceedings; he had at least three prior convictions. Moreover, there has never been a tender of proof, by affidavit or otherwise, that the aunt, if called as a witness, would have in any way corroborated appellant's testimony.

In view of the fact that the aunt's testimony at best would have corroborated only appellant's testimony concerning the occasion for his presence in the store and would have had no direct bearing on what appellant did in the store, we find no reversible error under the circumstances above outlined.

The second claim of error relates to the trial court's questioning of appellant as to the aunt's name, where she was the day of the trial, and whether appellant knew her address and telephone number. We find nothing objectionable in these questions. The main argument under this claim of error relates to the trial court's giving the jury the "missing witness" instruction. When the court announced it would give the instruction, trial counsel made no objection, and when the instructions were completed, trial counsel stated he was "satisfied." No objection having been made to the instruction, we will not now consider the claim that it was erroneous.

The next claim is that the trial court was in error in denying the appellant "a studied written motion for judgment n. o. v." When the jury had returned its verdict of guilty and had been excused, the trial court inquired if counsel had anything to say. Counsel replied: "I would like to make a motion for a judgment of not guilty, notwithstanding the verdict." It is not readily apparent what counsel meant by this statement, but when the court denied the motion, no objection was taken. We find no error in this respect.

The fourth claim of error is that the trial court erred in consistently inter-

vening in the conduct of the trial. A reading of the record convinces us that the court did not exceed its permissive bounds in questioning any witness.

■ The fifth and last claim of error relates to the court's instructions on the subject of reasonable doubt and in regard to petit larceny and attempted petit larceny. As stated before trial counsel announced that he was satisfied with the instructions, and it is too late now to claim that the instructions were erroneous. Furthermore, we find no plain and prejudicial error in the instructions.

Affirmed.