**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eugene John IZZI, Defendant-Appellant.**

**No. 16162.**

United States Court of Appeals
Seventh Circuit.

Nov. 13, 1967.

Charles W. Grubb, Cedar Lake, Ind., for appellant.

Alfred W. Moellering, U. S. Atty., Richard F. James, Asst. U. S. Atty., Hammond, Ind., for appellee.

Before HASTINGS, Chief Judge, KILEY, and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Defendant was convicted by the court, without a jury, on each of six counts in an indictment charging that on March 31, April 5, 6, 13 and 15, and June 1, 1966,

he violated 18 U.S.C. Sec. 1952(a) (3) [1] by traveling between Illinois and Indiana to promote a gambling enterprise in violation of Indiana gambling statutes. He was sentenced to three years imprisonment on each count, with sentences to run concurrently. He has appealed. We affirm.

Defendant seeks a reversal on the grounds that there was not sufficient evidence to support conviction on four of the six counts because there was no proof that on the days in question he crossed a state line; that the trial court erroneously refused to require proof of specific intent to violate federal law as a necessary element to justify conviction under 18 U.S.C. Sec. 1952(a) (3); and that his rights under the Sixth Amendment were violated because the attorney he chose to have represent him at trial did not provide him with effective legal assistance.

There was ample evidence, taking the evidence most favorable to the government, from which the court could find that the defendant on the dates relevant to four of the six counts drove his automobile from his home in Chicago, Illinois, to "Forsythe Billiards" in East Chicago, Indiana, where he was a dealer in stud poker games in violation of Indiana law. On two of these dates the defendant was seen first at home in Illinois and later gambling in Indiana. On the two other dates a man was seen getting into defendant's car in Illinois and later defendant was seen gambling in Indiana and his car was observed to be parked nearby.

It is true that there is no testimony showing that on April 5 and June 1, 1966, the dates relevant to Counts I and V, defendant traveled from Illinois to Indiana. This is unimportant here, however, since the offense charged is the same, with exception of the dates, in all six counts, the sentences are concurrent and the government has proved beyond reasonable doubt all elements needed to support a conviction under more than one of the counts.

Defendant concedes that the recent companion cases of United States v. Miller, and United States v. Bash et al., 7 Cir., 379 F.2d 483, settle against him his contention that the government must prove that he crossed a state line with the specific intent to violate federal law. Defendant presents no persuasive argument challenging the rule of those cases.

We see no merit in the claim that defendant's Sixth Amendment right to counsel was violated at the trial. He chose the attorney who represented him below, and the record reveals no basis for the claim that this attorney did not adequately represent him. It is true that the attorney stipulated that on dates other than those in the indictment defendant was seen dealing cards at Forsythe Billiards. This might well have been a stratagem to keep defendant's precarious position from being worsened. Defendant asserts, in support of his claim of inadequate representation, that the issue of intent was not raised in his defense. In view of this court's decision in *Miller* and *Bash*, this probably indicates the attorney's good judgment.

We have read the testimony and cannot say that the performance of defendant's trial attorney resulted in ineffective representation or a fundamentally unfair trial, or in "a farce and a mockery of justice," Cardarella v. United States, 8 Cir., 375 F.2d 222, 230, in violation of defendant's Sixth Amendment right. We do not have the "misgivings" which caused the majority to reverse the jury trial conviction in Dyer v. United States, D.C.Cir., 379 F.2d 89, because of "lapses" of court-appointed counsel.

The judgment is affirmed.

1. "Chapter 95—Racketeering."