**William Edward SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 4270–4272.**

District of Columbia Court of Appeals.

Argued Oct. 30, 1967.

Decided Nov. 27, 1967.

Rehearing Denied Dec. 13, 1967.

Daniel M. Redmond, Washington, D. C. (appointed by the court), with whom Richard F. Swift, Washington, D. C. (appointed by the court), was on the brief, for appellant.

A. Lee Fentress, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

MYERS, Associate Judge.

Appellant was convicted of attempted petit larceny,[1] assault[2] and carrying a deadly weapon.[3] His only challenge to these convictions is that he was denied effective assistance of counsel because his trial occurred on the same day counsel was assigned to represent him. He contends that the failure of the trial judge to auto-

1. D.C.Code § 22–103 (1961).

2. D.C.Code § 22–504 (1961).

3. D.C.Code § 22–3204 (1961).

matically order a continuance under these circumstances constituted reversible error.

■ The granting or refusal of a continuance is largely left to the discretion of the trial judge and his decision will not be disturbed without a clear showing of abuse in the exercise of that discretion. Gilmore v. United States, 106 U.S.App.D.C. 344, 348, 273 F.2d 79, 83 (1959); District of Columbia v. Robinson, D.C.Mun.App., 208 A.2d 95, 96 (1965). While we will correct an abuse of discretion, Creed v. United States, D.C.Mun.App., 156 A.2d 676 (1959), a trial judge cannot be held to have abused his discretion unless that discretion was invoked. Walker v. United States, 124 U.S. App.D.C. 194, 195, 363 F.2d 681, 682 (1966), cert. denied, 386 U.S. 922, 87 S.Ct. 891, 17 L.Ed.2d 794 (1967).

■ An attorney of long experience in handling criminal trials was appointed to defend appellant. After consultation with his client, that attorney announced ready for trial. There are cases in which a defendant's best interests are served by a continuance; but so also are there instances where a defendant is well advised to seek immediate trial. In the present case no continuance was requested and it was not represented to the trial judge that appellant needed more time to better prepare his defense. Must we presume from this that appellant and his counsel did not weigh and consider the advisability of seeking a continuance and then decide against it?

■ An appellant assumes a heavy burden when he undertakes to establish the incompetence of his trial counsel. Bruce v. United States, D.C.Cir., 379 F.2d 113, 116 (1967). That burden is not sustained by showing merely the sequence of events as here related. Appellant has not demonstrated how he was prejudiced by the procedures he now criticizes. He contends only that if he had been given more time to investigate, he might have uncovered some evidence that might have been helpful, but he does not indicate what evidence might have been produced or how it might have affected the outcome of his trial. His nebulous assertions of error arising from the failure of the trial judge to *sua sponte* order a continuance cannot support a claim that he was denied an opportunity to prepare an adequate defense.

The convictions are

Affirmed.