**Stephen A. TUTTLE, Appellant,**

v.

**UNITED STATES, Appellee.**

**Nos. 4383–4385.**

District of Columbia Court of Appeals.

Argued Dec. 18, 1967.

Decided Feb. 19, 1968.

**2.** 28 U.S.C.A. § 1732.

Pursuant to his arrest on November 6, 1966, appellant was charged with two counts of assault on a police officer and held for action of the grand jury. The case was returned to the District of Columbia Court of General Sessions on December 7, 1966, at which time appellant was charged with petit larceny, unlawful entry, and two counts of simple assault. After appointment of counsel and arraignment the case was set for jury trial on February 7, 1967, continued from that date to February 23, and again to February 24, 1967. That morning court appointed counsel called to say that he was ill and, about one hour before trial, a new attorney was appointed to represent appellant. The demand for jury trial was withdrawn, and trial by the court resulted in appellant's convictions. When sentenced, appellant was credited for time spent in jail awaiting trial.

The principal error assigned is the denial of effective assistance of counsel. Appellant does not say that new counsel was inadequate or incompetent, but only that he could not possibly, under the time pressures imposed and in the circumstances presented, consult and advise his client, investigate the case, and prepare an effective legal defense.

The burden is upon appellant to show ineffective assistance of counsel. Bruce v. United States, 126 U.S.App.D.C. 336, 379 F.2d 113 (1967), and in so doing appellant must demonstrate how he was prejudiced by the procedure he criticizes. Smith v. United States, D.C.App., 235 A.2d 574 (1967). The contention here is that prejudice necessarily resulted from the mere fact that new counsel was appointed no more than sixty minutes before trial. However, the record belies this argument. None of the circumstances to which the court pointed in Dyer v. United States, 126 U.S.App.D.C. 312, 379 F.2d 89 (1967), or Creed v. United States, D.C.Mun.App., 156 A.2d 676 (1959), relied on by appellant, are present in this case. No continuance was

John C. Cratsley, Washington, D. C., appointed by this court, for appellant.

Joel M. Finkelstein, Sp. Atty., to the U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker and James E. Kelley, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge:

These appeals are from convictions by the court of simple assault, unlawful entry and petit larceny.[1]

---

1. D.C.Code 1967, §§ 22–504, 22–3102, 22–2202. Appellant was found not guilty of a second charge of simple assault.

requested and appellant himself, when asked, announced that he was ready for trial.[2] There was no suggestion that new counsel did not have adequate time to confer with appellant, the witness, or the prosecuting attorney, and while all criminal charges are serious, the present factual situation was not so complex as to necessitate any extensive investigation. There were no witnesses that appellant could have called,[3] and there were no pretrial motions which could have been made that were not considered at trial.

This is not a case where appellant was tried on the very day of arraignment. Appellant had been represented by counsel since he was first brought to court and the attorney originally appointed was replaced by experienced counsel who was diligent in presenting numerous motions on appellant's behalf, in thoroughly cross-examining all witnesses and in making all proper objections. Moreover, appellant cooperated freely with his attorney during the course of the trial. Trial counsel made no claim that he was hampered in any way by the fact that the trial proceeded shortly after his appointment and while we are now urged to hold that he proceeded under trying circumstances, the record reflects a vigorous defense to a strong factual case against appellant. We see no demonstrable element of prejudice in the procedure followed in this case, nor can we say "that in net result the defense fell substantially short of what we should consider adequate." [4]

We have examined the other claims of error and find them to be without merit.

Affirmed.

2. In Smith v. United States, D.C.App., 235 A.2d 574 (1967), we held that the judge had no duty to order a continuance *sua sponte.* See also, Greely v. United States, D.C.App., 230 A.2d 719 (1967), where we held that an objection on the ground of inadequate time for preparation comes too late when the trial is completed.

3. The arresting officer's partner was the only possible witness not at the trial and he had left the force and moved to another jurisdiction.

4. Dyer v. United States, 126 U.S.App.D.C. at 312, 379 F.2d at 89.