George A. HINES, Appellant,

v.

UNITED STATES, Appellee.

Nos. 4709, 4710.

District of Columbia Court of Appeals.

Argued Jan. 21, 1969.

Decided June 16, 1969.

David C. Niblack, Washington, D. C., for appellant.

James E. Kelley, Jr., Asst. U. S. Atty., with whom David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief. Albert W. Overby, Jr., Asst. U. S. Atty., also entered an appearance for the appellee.

Before HOOD, Chief Judge, and FICKLING and KERN, Associate Judges.

KERN, Associate Judge.

Appellant was convicted after a trial by the court sitting without a jury of threatening to do bodily harm and assault for which he received sentences of 90 days imprisonment to be served concurrently.

The hegira of this case began on the morning of April 13, 1966, when appellant, 18 years of age with a prior juvenile record, appeared at the call of the calendar before then Chief Judge Smith of the court below. Appellant advised the clerk that he neither had nor wanted a lawyer, but Judge Smith appointed counsel to represent him.

Later that day, appellant's attorney stated in open court in the presence of appellant that *appellant and he* were *"ready for trial"* (emphasis supplied); that he had talked "long and emphatically" with appellant; that he had advised appellant of his right to a trial by jury or "to have a trial before the Court at this time"; and, that *his own* advice to appellant had been that "this case should be continued for a couple of days". The court then asked appellant, "Do you want to be tried today?", to which appellant replied, "Yes, I want to find out what this is all about".

Sometime thereafter but still on the same day, Judge Smith tried the case without a jury and found appellant guilty as charged and imposed consecutive sentences of 90 days on each conviction. At trial, the Government presented the testimony of two police officers. The defense case consisted entirely of appellant's own testimony. Appellant then retained his present attorney who moved for a new trial on the ground that appellant had gone to trial without adequate preparation of his defense and that his jury trial waiver had been unknowing and unwitting. The trial court denied appellant's motion for a new trial and an appeal was taken. This court dismissed the appeal for the reason that it had been noted 11 days after denial of the motion for a new trial. We subsequently held that the untimeliness was a result of neglect by appellant's attorney and therefore appellant had been deprived of effective assistance of counsel. We remanded the case for resentencing in order to start again the time within which an appeal might be noted. Hines v. United States, D.C.App., 237 A.2d 827 (1968). A different judge imposed new sentences of 90 days upon each conviction to be served concurrently.

■■ It is well settled that a defendant may not only elect to waive his rights in a criminal proceeding but otherwise may "follows the guidance of his own wisdom and not that of a lawyer" in deciding what

**410**

course of action is best for himself. Adams v. United States. ex rel. McCann, 317 U.S. 269, 275, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942). There may be circumstances such as the incompetence of the defendant or the lack of adequate counsel which vitiate a waiver by a defendant and relieve him of responsibility for his own course of action. *See, e. g.,* Naples v. United States, 113 U.S.App.D.C. 281, 307 F.2d 618 (1962); Jones v. Cunningham, 313 F.2d 347 (4th Cir.1963). Appellant argues that such circumstances were present in his case and therefore the court should have refused to accede to his request to go to trial on the day of arraignment or, subsequently, should have granted his motion for a new trial. He depicts himself as an unworldly person of tender years with deficient education and limited intelligence who was overborne in the hurly-burly of the courtroom into asking for an immediate trial without realizing what he was doing. This self-portrayal is at variance with the record. Appellant's colloquies with the court indicate that he was not unsophisticated about courts and their procedures, perhaps because he had acquired such knowledge from his prior contacts with the law. He decided to go to trial without a jury on the day of his arraignment only after a "long and emphatic" talk with his attorney who was an experienced practitioner and who had outlined the risks he faced in following this course of action. The record shows that appellant appeared in open court and then retired from the courtroom on two separate occasions before trial commenced so that he had adequate opportunity to ponder his choices and make a decision upon his counsellor's advice and his own instincts.

■ Appellant refers in his argument to a letter from his high school which states that he had earned poor grades there and has an I.Q. of 68. The letter is not in the record on appeal but, in any event, we are not persuaded after reading the transcript of his testimony before, during, and after trial that he was incompetent to make a deliberate and informed choice or that the court erred in acceding to his request for an immediate trial. We will not now permit appellant to disclaim what he demanded in open court after consultation with his counsel. *See* Fisher v. United States, 118 U.S.App.D.C. 165, 334 F.2d 555 (1964); Tuttle v. United States, D.C.App., 238 A.2d 590 (1968); Smith v. United States, D.C. App., 235 A.2d 574 (1967).

■ Appellant seeks to cast doubt on the validity of his waiver of a jury trial by arguing that he never used the express phrase "waive a jury trial" in his statement to the trial court. He did, however, affirmatively state in open court that he wanted to proceed to trial before the court after being advised that he was entitled to have a trial by jury or before the court. Moreover, he did not object when he returned to Chief Judge Smith's court later that day and commenced his trial without a jury. Eliachar v. United States, D.C.App., 229 A.2d 451 (1967).

■ Appellant argues that the trial court abused its discretion in denying his motion for a new trial because his attorney made a proffer that a person whom he did not call as a witness at trial would have testified that appellant did not strike the complainant in the assault case. During his testimony at trial appellant referred to the fact that such person was with him at the time of the incident. Therefore, it is reasonable to presume that appellant knew precisely what this potential witness could and would testify to and decided not to ask for a continuance in order to have him present as a witness. Appellant has never attacked the effectiveness of his trial counsel or suggested that the decision not to call the witness in question was an oversight by counsel rather than a deliberate choice by himself. Appellant chose to go to trial immediately and "[a] defendant cannot gamble upon the result and, if the verdict be unfavorable, then demand a new trial". Tillman v. United States, D.C.Mun.App., 96 A.2d 272, 273 (1953); Greely v. United States, D.C.App., 230 A.2d 719 (1967). Assuming *arguendo* that the potential witness

would have testified exactly in accordance with the proffer, his testimony would have gone only to the assault charge. The sentence imposed on appellant for assault was concurrent with his sentence for threatening to do bodily harm and any possible invalidity of the former conviction is vitiated by the sufficiency of the latter conviction. Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

Appellant's final argument goes to the validity of the sentence *originally* imposed upon him which has since been vacated. Accordingly, his argument is moot so far as this appeal is concerned.

We have carefully reviewed the record in this case and we are satisfied that appellant was affored due process and that the trial court did not err in denying his motion for a new trial. In our view, appelant chose an immediate trial with full knowledge of the risks he ran but with great expectations that, at worst, he would be placed on probation. Now that these expectations are unmet he desires to erase the slate upon which he himself wrote and start anew. We conclude that this cannot be and his judgment of conviction must be and is

Affirmed.