**UNITED STATES of America**
v.
**Winston D. WEAVER, Appellant.**
**No. 22743.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 9, 1970.

Decided Jan. 22, 1970.

Mr. George H. Spencer, Washington, D. C. (appointed by this court), for appellant.

Mr. Broughton M. Earnest, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee. Mr. David G. Bress, U. S. Atty. at the time the record was filed, also entered an appearance for appellee.

Before BAZELON, Chief Judge, and WRIGHT and LEVENTHAL, Circuit Judges.

PER CURIAM:

Appellant was convicted of robbery, 22 D.C.Code § 2901 (Supp. II 1969), and assault with a dangerous weapon, 22 D.C.

---

Code § 502 (1967). He claims ineffective assistance of trial counsel, not because of incompetence, but because trial counsel did not have an adequate opportunity to prepare his defense. In support of his position appellant alleges: (1) trial counsel was appointed slightly more than one month before trial; (2) other commitments prevented trial counsel from preparing his case and filing necessary preliminary motions; and (3) through a misunderstanding which resulted in trial counsel's failure to appear in court the first time the case was set for trial, trial counsel's motion to have the case taken off the ready calendar was denied.

Appellant alleges that as a consequence his trial counsel did not investigate why the complaining witness was fired from his job two weeks after the robbery which involved his employer's money, the complaining witness' Jencks Act statement showing the description of the robber was not obtained, important information relating to the physical setup of the scene of the crime was not in the possession of trial counsel, and certain physical disabilities in one of the important Government witnesses were unknown to trial counsel.

The record supports appellant's allegations concerning appointment of counsel and denial of his motion to have the case taken off the ready calendar. The record also shows that trial counsel was not appointed until almost one year after the offense was committed. Such a delay might have contributed to trial counsel's alleged inability to investigate and reconstruct the facts of this case.

Ineffective assistance of counsel, of course, is cognizable under 28 U.S.C. § 2255 (1964). Rather than relegate appellant to that remedy, in the interest of efficient administration of justice and in order to develop the facts now, we have decided to remand this case to the trial court to determine whether a new trial should be granted. *Compare* Henry v. Mississippi, 379 U.S. 443, 452, 85 S.Ct.

564, 13 L.Ed.2d 408 (1965); *see* Dyer v. United States, 126 U.S.App.D.C. 312, 313, 379 F.2d 89, 90 (1967).

So ordered.