**UNITED STATES of America**

v.

**Linda AGURS, Appellant.**

**UNITED STATES of America**

v.

**Linda V. AGURS, Appellant.**

**Nos. 72–2072, 74–1542.**

United States Court of Appeals,
District of Columbia Circuit.

Aug. 6, 1975.

Before BAZELON, Chief Judge, and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON, ROBB and WILKEY, Circuit Judges.

ORDER

PER CURIAM.

Appellee's suggestion for rehearing *en banc*, following prior opinion of the court, 510 F.2d 1249, having been transmitted to the full Court and there not being a majority of the Judges in regular active service in favor of having this case reheard *en banc*, it is

Ordered by the Court *en banc* that the aforesaid suggestion for rehearing *en banc* is denied.

Statement of Circuit Judge LEVENTHAL as to why he voted against rehearing *en banc* attached.

Statement of Circuit Judges TAMM, MacKINNON, ROBB and WILKEY, joined by Senior Circuit Judge DANAHER, as to why they voted to grant the suggestion for rehearing *en banc* attached.

Statement of Circuit Judges TAMM, MacKINNON, ROBB and WILKEY as to why they voted to grant the suggestion for rehearing *en banc*, and now joined by Senior Circuit Judge DANAHER, who as one of the original panel had voted that the panel decision be reheard.

We are of the opinion that this case should have been reheard by the full court, inasmuch as the two principal underpinnings of the panel opinion are of extremely doubtful validity.

First, in spite of the fact that defense counsel was "aware . · . . of the possibility that Sewell [the decedent] might have been arrested or convicted in the past for a violent crime," defense counsel never requested the Government to produce decedent's record. The panel's holding that the Government was still required under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), to disclose to the defense a decedent's prior convictions for simple assault and carrying a dangerous weapon, three and twelve years prior to the offense, is of dubious validity in light of the Supreme Court's more recent statement in *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972), that "[t]he heart of the holding in *Brady* is the prosecution's suppression of evidence, *in the face of a defense production request*, where the evidence is favorable to the accused and is material either to guilt or punishment." 408 U.S. 794, 92 S.Ct. at 2568 (emphasis added). Both the prosecutor and the defense counsel here believed that the prior convictions of the decedent were inadmissible, so even if the Government had spontaneously informed defense counsel of them, defense counsel would not have sought to have introduced them at trial.

Second, both counsel were probably correct; the panel's ruling that "evidence of past violent *acts* by a deceased is admissible in a homicide case in which the issue of self-defense is raised" (emphasis supplied) is erroneous and a substantial departure from the accepted rule. "The general rule is that the general reputation of a decedent may be shown, but that *specific acts* against other persons than the defendant, which are

remote in point of time, are not admissible *when* they are *not known* by the defendant." *Hayes v. United States*, 367 F.2d 216, 223 (10th Cir. 1966) (emphasis supplied). The fact situation, as described in the panel opinion, indicates that the decedent and the accused had the sparsest of acquaintanceship prior to their rendezvous in the motel room. There was never a claim by the accused that she knew of any violent character or acts of the decedent, for, in spite of the inference to be drawn from the language in the panel opinion, the appellant at no time took the stand. The whole theory of self-defense was conjured by her trial attorney in argument.

This Circuit has not adopted the two principles of law relied on in the panel opinion to reverse this conviction for second degree murder. If we are to adopt such principles, which we believe are in contrast to long-standing rules in this and other Circuits, it should be on a hearing *en banc*.

Statement of Circuit Judge LEVENTHAL as to why he voted against rehearing en banc.

My vote against rehearing is not necessarily an approval of the panel's judgment or opinion. But there is a limit to the number of cases we can take en banc.

I am not certain that the doctrine of *Brady*[1] is confined to cases where there has been a request by the defense, even though that has thus far been requisite by the Supreme Court.[2] Certainly I agree with Judge Friendly that the making of a request is ordinarily not "irrelevant."[3] Leaning too heavily on the request, however, may only serve to throw the inquiry into whether lack of request negatives effective assistance of defense counsel. This court is not confined on direct appeal to reversal for denial of constitutional right, as is the case when

---

**1.** *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.

**2.** *Moore v. Illinois*, 408 U.S. 786 at 794, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972).

**3.** *United States v. Keogh*, 391 F.2d 138, 147 (2d Cir. 1968).

it is considering collateral attack or when the Supreme Court reviews a state conviction. On direct appeal, it may reverse in the interest of justice, 28 U.S.C. § 2106, because it is concerned that the omission of defense counsel has led to a miscarriage of justice even though it cannot be labeled constitutional error.[4] *Dyer v. United States*, 126 U.S.App.D.C. 312, 379 F.2d 89 (1967). In my view, the decision might better have been articulated in these terms rather than constitutional concepts.

As to merits or importance of the evidence issue, there is learning in this court that, on the issue of whether the decedent was the aggressor, information about the deceased can be brought out even though it was not known to defendant—whether by evidence of the character or belligerency of the deceased (allowed as an extension of the rule admitting threats of deceased that were not communicated to defendant)[5] or by acts of the deceased.[6] The issue then becomes one of remoteness of the deceased's prior convictions.

This case is certainly not a strong one even for admissibility of the acts involved—since the assault conviction was in 1963, and the 1971 conviction for carrying a dangerous weapon was cumulative of the admitted undisputed evidence that deceased was wearing a bowie knife. Still, the conviction was one thing the jury might take into account as bearing on both the self defense issue and the degree of the crime. The prosecution's omission here may not be as weighty as other omissions that have led to reversals in the absence of a discovery request, but the questions are one of degree.

And so, while I don't necessarily agree with the panel's result, its action in ordering a new trial does not seem to me such a departure from doctrine and acceptable standards of judicial administration as to require en banc consideration.

---

4. *Bruce v. United States*, 126 U.S.App.D.C. 336, 340, 379 F.2d 113, 117 (1967); *Dyer v. United States*, 126 U.S.App.D.C. 312, 379 F.2d 89 (1967).

5. *Evans v. United States*, 107 U.S.App.D.C. 324, 277 F.2d 354 (1960).

6. *United States v. Burks*, 152 U.S.App.D.C. 284, 286, 470 F.2d 432, 434 (1972).